UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES GROSSMAN,

                         Plaintiff,

  -against-

CITIBANK, N.A.,

                         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/4/2022__

No. 22 Civ. 9183 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      Pursuant to 28 U.S.C. § 1441, Defendant Citibank, N.A. filed a notice to remove Plaintiff Charles Grossman's cause of action for breach of contract and negligence filed by Plaintiff in the Supreme Court of the State of New York, County of Westchester. A review of the filings reveals that Defendant does not hold itself out as a resident of the Northern Counties of the Southern District of New York (the "Northern Counties") (Not. of Removal, ECF No. 1 at ¶ 6), Plaintiff resides in Great Neck, New York, *i.e.,* Nassau County (Civ. Cover Sheet, ECF No. 2 at 2), and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there as well. (Compl., ECF No. 1, Ex. A at 3–7.) Defendant makes no argument to the contrary. Instead, Defendant asserts the action is properly removed to the district in which the state court action was filed. (Not. of Removal, ECF No. 1 at ¶ 1.)

      Under 28 U.S.C. § 1391(b), the federal venue statute, a civil action may be commenced in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas*, No. 3:19CV1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Transfer should be the usual remedy for improper venue. *See* 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating."). "When a plaintiff's choice of venue is improper, a district court may *sua sponte* transfer the case . . . ." *Ventricelli v. Nicklin*, No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020); *see also MRP, LLC v. Barr & Barr, Inc.*, No. 11 CIV. 0896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (where venue is improper, "courts may *sua sponte* transfer cases.").

As discussed above, Defendant does not reside in the Northern Counties, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Great Neck, New York, *i.e.,* Nassau County, wherein Plaintiff resides. (*See* Not. of Removal, ECF No. 1 at ¶ 6; Compl., ECF No. 1, Ex. A at 3–7.) Moreover, the only connection to this District is that Defendant has offices in Westchester County—none of which are related to the claims at issue here.

Accordingly, the Court TRANSFERS the instant action to the United States District Court for the Eastern District of New York *sua sponte*. The Clerk of the Court is directed to transfer this file to the Eastern District of New York and that all pending motions, if any, will be addressed by the transferee court.

SO ORDERED

Dated: November 4, 2022
White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge